TERRAL, AS. SECRETARY OF STATE OF THE STATE OF ARKANSAS, *v.* BURKE CONSTRUCTION COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 93.   Argued January 17, 1922.—Decided February 27, 1922.

A state law which revokes the license of a foreign corporation to do business within the State because, while doing only a domestic business within the State, it resorts to the federal court sitting in the State, is unconstitutional.   P. 532.   *Doyle* v. *Continental Insurance Co.,* 94 U. S. 535, and *Security Mutual Life Insurance Co.* v. *Prewitt,* 202 U. S. 246, *held* to have been overruled.
Affirmed.

ERROR to a decree of the District Court enjoining the appellant from revoking the license of the appellee corporation to do business in Arkansas.

Mr. *J. S. Utley,* Attorney General of the State of Arkansas, and *Mr. Frank S. Quinn,* for appellant, submitted.

It is alleged in the bill that the complainant is engaged in interstate commerce.   The averment is overcome by the denial in the answer.   *Iowa* v. *Illinois,* 147 U. S. 7.

The act in controversy is not repugnant to the Constitution as an undue requirement or regulation of a foreign corporation not engaged in interstate commerce.   *State* v. *Hodges,* 114 Ark. 155; *Doyle* v. *Continental Insurance Co.,* 94 U. S. 535; *Security Mutual Life Insurance Co.* v. *Prewitt,* 202 U. S. 246.

After the *Doyle* and *Prewitt Cases,* came the decisions in *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1; *Herndon* v. *Chicago, Rock Island & Pacific Ry. Co.,* 218 U. S. 135; and *Harrison* v. *St. Louis & San Francisco R. R. Co.,* 232 U. S. 318.   Those cases held that any state regulation of interstate commerce was void.   In *Wisconsin* v. *Philadelphia & Reading Coal & Iron Co.,* 241 U. S.

329, the question was again before this court. In that case the company was engaged in interstate as well as intrastate commerce.

The conclusion to be reached, as we conceive it, from the above decisions, is, that, in determining the validity of the act here in question, the facts surrounding this particular case must control; if the appellee is not engaged in interstate commerce and is not a foreign commercial corporation, then the act is constitutional as to it.

*Mr. William Marshall Bullitt,* with whom *Mr. James B. McDonough* was on the briefs, for appellee.

.Mr. Chief Justice Taft delivered the opinion of the court.

This is an appeal from the District Court under § 238 of the Judicial Code, in a case in which the law of a State is claimed to be in contravention of the Constitution of the United States.

The Burke Construction Company, a corporation organized under the laws of the State of Missouri, filed its bill against Terral, Secretary of State of Arkansas, averring that it had been licensed to do business in the State of Arkansas under an act of the Arkansas Legislature approved May 13, 1907; that it was organized for the purpose of doing construction work, and carrying on interstate commerce, and was actually so engaged in Arkansas; that the right to do business in the State was a valuable privilege, and the revocation of the license would greatly injure it; that it had brought an original suit in the federal court of Arkansas and had removed a suit brought against it to the same federal court; that the Secretary of State was about to revoke the license because of such suit and such removal, acting under the requirement of § 1 of the Act of the Legislature of Arkansas of May 13, 1907, reading as follows:

" If any company shall, without the consent of the other party to any suit or proceeding brought by or against it in any court of this State, remove said suit or proceeding to any Federal court, or shall institute any suit or proceeding against any citizen of this State in any Federal court, it shall be the duty of the Secretary of State to forthwith revoke all authority to such company and its agents to do business in this State, and to publish such revocation in some newspaper of general circulation published in this State; and if. such corporation shall thereafter continue to do business in this State, it shall be subject to the penalty of this Act for each day it shall continue to do business in this State after such revocation."

The penalty fixed is not less than $1,000 a day. The Construction Company avers that this act is in contravention of § 2, Article III, *i. e.,* the judiciary article of the Federal Constitution, and of § 1 of the Fourteenth Amendment.

The defendant filed an answer in which there were many denials. One was that the complainant was engaged in interstate commerce. The answer did not deny, however, that the complainant was a foreign corporation, that it had been duly granted a license to do business in the State of Arkansas, that its right to do business in the State thus licensed was a valuable right, that the complainant had brought suit in the federal district court and removed another case to that court, that such suit and removal were violations of the license granted by the State of Arkansas, or that the defendant intended to cancel the plaintiff's license. The case was heard on bill and answer, and is to be considered on the averments of the bill which are not denied by the answer. *Iowa* v. *Illinois,* 147 U. S. 1, 7.

The sole question presented on the record is whether a state law is unconstitutional which revokes a license to a foreign corporation to do business within the State be-

cause, while doing only a domestic business in the State, it resorts to the federal court sitting in the State.

The cases in this court in which the conflict between the power of a State to exclude a foreign corporation from doing business within its borders, and the federal constitutional right of such foreign corporation to resort to the federal courts has been considered, can not be reconciled. They began with *Insurance Co.* v. *Morse,* 20 Wall. 445, which was followed by *Doyle* v. *Continental Insurance Co.,* 94 U. S. 535; *Barron* v. *Burnside,* 121 U. S. 186; *Southern Pacific Co.* v. *Denton,* 146 U. S. 202; *Martin* v. *Baltimore & Ohio R. R. Co.,* 151 U. S. 673, 684; *Barrow S. S. Co.* v. *Kane,* 170 U. S. 100, 111; *Security Mutual Life Insurance Co.* v. *Prewitt,* 202 U. S. 246; *Herndon* v. *Chicago, Rock Island & Pacific Ry. Co.,* 218 U. S. 135; *Harrison* v. *St. Louis & San Francisco R. R. Co.,* 232 U. S. 318, and *Wisconsin* v. *Philadelphia & Reading Coal & Iron Co.,* 241 U. S. 329.

The principle established by the more recent decisions of this court is that a State may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the State, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not. The principle does not depend for its application on the character of the business the corporation does, whether state or interstate, although that has been suggested as a distinction in some cases. It rests on the ground that the Federal Constitution confers upon citizens of one State the right to resort to federal courts in another, that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a State in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the

limitations of the supreme fundamental law. It follows that the cases of *Doyle* v. *Continental Insurance Co.*, 94 U. S. 535, and *Security Mutual Life Insurance Co.* v. *Prewitt*, 202 U. S. 246, must be considered as overruled and that the views of the minority judges in those cases have become the law of this court. The appellant in proposing to comply with the statute in question and revoke the license was about to violate the constitutional right of the appellee. In enjoining him the District Court was right, and its decree is

*Affirmed.*