STATE EX REL. SECURITY INSURANCE COMPANY v.
GEORGE W. WELLS, JR.[1]

July 25, 1924.

No. 24,243.

**Statutory stipulation required of foreign insurance company unconstitutional.**

The second and third paragraphs of section 3592, G. S. 1913, requiring a foreign insurance company to stipulate not to remove from a state court to the Federal court actions brought upon claims arising out of business transacted in the state before it can receive a license to do business in the state, and providing for the cancelation of the license and prohibiting any future license as a penalty for a violation of the stipulation, contravenes the Constitution of the United States and is void, and such stipulation may not be demanded as a condition to do business in the state.

[1]Reported in 199 N. W. 753.

Upon the relation of the Security Insurance Company of·New Haven, the district court for Ramsey county granted its alternative writ of mandamus directed to the commissioner of insurance commanding him to issue to relator a license to conduct its business within the state. The case was heard by Richard D. O'Brien, J., who made findings in favor of relator. From the judgment granting a peremptory writ, respondent appealed. Affirmed.

*Clifford L. Hilton,* Attorney General, and *G. A. Youngquist,* Assistant Attorney General, for appellant.

*Nathan H. Chase,* for respondent.

HOLT, J.

The appeal is by the insurance commissioner of the state from a judgment directing a peremptory writ of mandamus to issue commanding him forthwith to grant relator, a foreign insurance company, the usual license to transact its corporate business of fire insurance within this state.

It was alleged and admitted that the sole ground for refusing the license relator had·enjoyed for many years was that, upon its petition, an action, brought by an insured to recover for a loss covered by a policy issued by relator, had been removed from the state court to the Federal court, contrary to the second and third paragraphs of section 3592, G. S. 1913, and to the relator's stipulation that it would not do so when its license was granted for the year the action was brought. The court below sustained relator's contention that the parts of the section referred to contravene the judiciary article of the Federal Constitution (art. 3, § 3), and section 1 of the Fourteenth Amendment.

Appellant contends that a state may regulate the insurance business within its borders and prescribe conditions upon which foreign insurance companies may come into the state.to transact such business; hence, if a company is unwilling to come in upon the conditions imposed, it cannot insist upon a license, or, if it does accept the conditions and comes in, it waives the right to invoke the protection of the Federal Constitution against the conditions accepted, citing Pierce v. Somerset Ry. Co. 171 U. S. 641, 19 Sup. Ct.

64, 43 L. ed. 316, where it was said [page 648]: "A person may by his acts or omission to act, waive a right which he might otherwise have under the Constitution of the United States." And, in view of the latest utterance of the Federal Supreme Court, a distinction is sought to be drawn between a case where the state statute simply forbids a removal and one like ours, which provides that, if a foreign insurance company desires a. license to do business in this state, it shall file an agreement not to remove a suit brought upon a claim arising out of its business so transacted. But it seems to us the case of Terral v. Burke Const. Co. 257 U. S. 529, 42 Sup. Ct. 188, 65 L. ed. 352, 21 A. L. R. 186, expressly overruling Doyle v. Continental Insurance Co. 94 U. S. 535, 24 L. ed. 148, and Security Mut. Life Ins. Co. v. Prewitt, 202 U. S. 246, 26 Sup. Ct. 619, 50 L. ed. 1013, 6 Ann. Cas. 317, leaves no room for such or any distinction. After citing its prior decisions and stating that they could not be reconciled, the court, speaking through the Chief Justice, says [page 532]:

"The principle established by the more recent decisions of this court is that a State may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the State, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not. The principle does not depend for its application on the character of the business the corporation does, whether state or interstate, although that has been suggested as a distinction in some cases. It rests on the ground that the Federal Constitution confers upon citizens of one State the right to resort to federal courts in another, that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a State in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law."

In the face of the sweeping language quoted, we think it futile to attempt by distinctions to uphold the action of the insurance commissioner in refusing relator a license. It is conceded that the sole reason for denying the same was the removal from the state to the Federal court of a suit. Its agreement not so to do was void and of no more effect than the statute (section 3592), which no doubt induced it. No agreement not to remove could lawfully be demanded.

The judgment is right and stands affirmed.