**FIDELITY & DEPOSIT CO. OF MARYLAND v. PENCE.    (No. 3043.)**

(Court of Civil Appeals of Texas. Texarkana. April 23, 1925.)

1. **Constitutional law** ⊜89(1), 90—**Insurance** ⊜4—**Statute, requiring bonding company to give written statement of grounds for cancellation or refusal to renew bond, held subject to constitutional objections.**

Rev. St. art. 4938, requiring bonding company, on cancellation of bond or refusal to renew, to give written statement of grounds on which it acts, and providing penalty for failure, is in a proper proceeding subject to objection, in that it interferes with constitutional rights to contract and to free speech, and is not within police power of state.

2. **Constitutional law** ⊜43(2)—**Foreign corporation entering state while regulatory statute was in effect held not in position to question validity thereof.**

Foreign corporation accepting license to do business in state while Rev. St. art. 4938, c. 13, tit. 71, was in effect, held not entitled to question validity of that statute in view of article 4972, contained in same title, and providing that the provisions of that title were conditions to which foreign corporation would be held to have assented as a condition precedent to do business in state.

3. **Constitutional law** ⊜43(2)—**Domestic corporation cannot question validity of statute creating it, nor can foreign corporation question validity of laws to which it has assented on entering state.**

Domestic corporation cannot question validity of act by which it is created, nor can for-

eign corporation question validity of laws to which it has assented by accepting permit to do business in state.

**4. Insurance ☞237—Statute for benefit of principal requiring surety to state reasons for cancellation or refusal to renew bond may be waived by principal.**

Rev. St. art. 4938, requiring bonding companies, on cancellation or refusal to renew bond, to state reasons therefor in writing on request and providing penalty for refusal, is for personal benefit of person whose fidelity is guaranteed, and may be waived either before or after its violation.

**5. Insurance ☞237—Exception to special answer in principal's action to recover statutory penalty of surety held erroneously sustained.**

In action under Rev. St. art. 4938, to recover penalty of bonding company for refusal to state its reasons for cancellation of bond, exception to special answer pleading waiver by plaintiff and fraud on part of plaintiff in procuring execution of bond *held* erroneously sustained.

Appeal from Dallas County Court at Law; Wiley A. Bell, Judge.

Action by H. A. Pence against the Fidelity & Deposit Company of Maryland. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

Albert B. Hall, of Dallas, for appellant. John White and W. A. Hudson, both of Dallas, for appellee.

HODGES, J. This suit was instituted by the appellee to collect a statutory penalty provided for in article 4938 of the Revised Civil Statutes. The record shows that the appellee sought employment in the service of the Texas Loan & Investment Company of Dallas, and was required to give a bond indemnifying his employer against any loss resulting from appellee's misconduct. He applied to the appellant to furnish such a bond. According to the pleadings of the appellant, the application was in writing and contained a waiver of certain statutory rights which will be hereafter referred to and discussed. The character of the bond was thus stated in the opening paragraph:

"The Fidelity & Deposit Company of Maryland, hereinafter called the surety, does hereby agree to indemnify Texas Loan & Investment Company of Dallas, Texas, hereinafter called the employer, against the loss, not exceeding two thousand dollars, of any money or other personal property (including money or other personal property for which the employer is responsible), through the fraud, dishonesty, forgery, theft, embezzlement or wrongful abstraction of Homer Arnold Pence, hereinafter called the employee," etc.

Some time after the bond had been executed, for reasons deemed sufficient, it was canceled, and appellant refused to further re-main liable thereon. Shortly after the cancellation, the appellee requested that the appellant furnish him a written statement of the facts on which its act in canceling the bond was based. This request was never complied with, and this suit was filed to recover the sum of $500 provided for in the statute.

Article 4938, upon which the suit is based, is as follows:

"When any corporation shall cancel a bond of guaranty or indemnity, or shall notify the employer of the person whose fidelity is guaranteed that said corporation will no longer guarantee or be security for the fidelity of said person, or when said corporation has once guaranteed the fidelity of any person, or acted as security therefor, and on application refuses to do so again, it shall furnish to such person a full statement in writing of the facts on which the action of the corporation is based, and, if such action be based in whole or in part on information, all such information; and any such corporation failing or refusing to furnish any such written statement within thirty days after a request therefor, shall be liable to such person injured in the sum of five hundred dollars, in addition to all other damages caused thereby, which may be sued for and recovered in any court of competent jurisdiction."

In his petition the plaintiff pleaded only the facts essential to state a cause of action under the terms of the above article.

Appellant demurred to the original petition upon the ground that article 4938 was invalid because repugnant to several provisions of both the federal and the state Constitutions. It pleaded specially that the execution of the bond was procured by false and fraudulent representation made by the appellee regarding his personal habits and the nature of his former employment. It also alleged that in his application the appellee had expressly agreed that the appellant might cancel the bond at any time it saw proper without being compelled to state its 'reasons therefor, "notwithstanding any law to the contrary."

The appellee excepted to the portions of the answer setting up those special defenses. The court overruled appellant's demurrer to the plaintiff's petition, and sustained the appellee's exceptions to the special answer set out above. The trial resulted in a judgment in favor of the appellee for the amount sued for.

In this appeal the judgment is attacked upon two grounds. The first is that article 4938, upon which the suit is founded, is unconstitutional and void, and for that reason the appellant's general demurrer to the petition should have been sustained. The second is that the court erred in sustaining the exception to that portion of appellant's answer which pleaded fraud and misrepresentation and a waiver on the part of the plaintiff

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of a right to demand the statutory damages sued for.

. [1] In support of the proposition that article 4938 is void because repugnant to both the federal and the state Constitutions, appellant refers to the case of St. Louis S. W. Ry. Co. v. Griffin, 106 Tex. 477, 171 S. W. 703, L. R. A. 1917B, 1108, in which a similar objection was sustained by the Supreme Court to what is known as the Blacklisting Law. That law was held void because it interfered with the inherent right of parties to contract, violated the liberty of free speech, and because the subject-matter of the law was not within the police power of the state. Article 4938 is, we think, in a proper proceeding, subject to substantially the same objection.

[2] Appellee does not here undertake to sustain the validity of this law, but defends the judgment of the trial court upon the ground that the appellant, being a foreign corporation, had no legal right to raise a constitutional objection to the statute. The following authorities support that proposition: Reliance Ins. Co. v. Dalton (Tex. Civ. App.) 178 S. W. 966; National Life Ins. Co. v. Hagelstein (Tex. Civ. App.) 156 S. W. 353; Interstate Con. St. Ry. Co. v. Commonwealth of Mass., 207 U. S. 79, 28 S. Ct. 26, 52 L. Ed. 111, 12 Ann. Cas. 555; 6 R. C. L. 414, 415; Hartford Fire Ins. Co. v. Perkins (C. C.) 125 F. 502; 12 C. J. par. 771, § 194, and notes. The doctrine seems to be supported by reason as well as by adjudicated cases. Foreign corporations have no inherent right to transact business within a state. Since they may be denied that privilege entirely, it follows that a state may prescribe whatever conditions it sees proper upon which foreign corporations may enter its territory. The appellant is engaged in issuing a certain form of insurance contracts —those indemnifying employers against the loss resulting from the misconduct or default of employees. The law regulating the organization and conduct of such corporations is found in chapter 15, which is a part of title 71. Article 4972, which is embraced in the same title, is as follows:

"The provisions of this title are conditions upon which foreign insurance corporations shall be permitted to do business within this state, and any such foreign corporations engaged in issuing insurance contracts or policies within this state shall be held to have assented thereto as a condition precedent to its right to engage in such business within this state."

[3] The law upon which the appellee's suit is based and the above article were in existence at the time the appellant applied for and received a permit to transact business in this state. It must therefore be assumed that in applying for and accepting that permit appellant consented to be bound by those provisions. It may be true that no such obligation could be imposed by the state under its general police powers upon existing domestic corporations, or upon those foreign corporations to which permits had been granted at the time article 4938 was enacted. It is a well-settled principle of law that a domestic corporation cannot question the validity of the act by which it is created. It should for the same reason be held that a foreign corporation cannot question the validity of laws to which it must have assented when accepting a permit to do business in the state. This controversy does not present a case in which the state has forcibly imposed oppressive burdens upon foreign corporations against their will, but one in which the foreign corporation has in law, if not in fact, assented to the provisions of which it now complains. Corporations entering this state for the purpose of conducting their business are presumed to know the statutory enactments then existing which undertake to regulate their business and fix the conditions upon which they may enter. The appellant was not compelled to come into the state of Texas and transact its business; it came voluntarily. · Nor did it have the right to demand entrance against the will of the state.

Counsel for appellant have referred to the case of Terral v. Burke Const. Co., 257 U. S. 529, 42 S. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186, as a judicial recognition of the legal right of a foreign corporation to attack the validity of a state law. The statute involved in that case was enacted under the general police powers of the state, and contained nothing which put foreign corporations on notice that assent to its provisions would be implied by the acceptance of a permit to transact business within the state. That case may be regarded as authority for the proposition that the mere acceptance of a permit to enter and do business within a state does not of itself imply assent to all the laws found upon the statute books of the state, whether valid or invalid. But it is not authority for holding that a corporation may not be estopped to attack the validity of a statute when put upon notice of the legal duties that are coupled with its acceptance of the state's permit. The constitutional safeguards invoked in this case are to protect persons and corporations from unjust burdens imposed upon them without their consent, not to relieve them of those which are expressly or implied accepted. We conclude that in this case the trial court properly held that the appellant could not question the validity of article 4938, because in accepting a permit to transact business within this state appellant consented to be bound by the provisions of that article.

[4] But we are of the opinion that the penalty provided for in article 4938 is for the personal benefit of those who may choose to claim it, and as such it belongs to that class of stat-

utory rights which may be waived. Dodge v. Knight (Tex. Sup.) 16 S. W. 626; 27 R. C. L. pp. 904, 905, and cases cited in the notes. In the absence of any agreement to the contrary, the aggrieved party has the option to demand or waive the payment of the penalty here provided for. No one else is interested, or can be affected by his waiver. If he might waive it after the offense was committed, he also had the power to waive it by contract in advance, since in doing so there would be no violation of any rule of public policy. 13 C. J. pp. 423, 424; 6 R. C. L. pp. 706, 707.

[5] It follows, then, that the special answer pleading the waiver of this statutory right to the benefits of article 4938 and fraud on the part of the appellee in procuring the execution of the bond constituted a good defense, and the court erred in sustaining the exceptions thereto.

The judgment will be reversed and the cause remanded, for a new trial.