## 12091

### DeTREVILLE v. McMAHAN, INSURANCE COMMISSIONER

(135 S. E., 356)

REMOVAL OF CAUSES.—Civ. Code 1922, §§ 4033–4035, 4068, making it a condition precedent to transaction of business in the State by foreign corporation to submit to jurisdiction of State Courts, *held* ineffectual to deprive foreign insurance company from exercising its constitutional right of removal to Federal Court.

Original petition for mandamus by Jesse C. DeTreville against John J. McMahan, Insurance Commissioner.

*Messrs. Andwer J. Bethea and E. J. Best,* for petitioner cite: *Insurance Department of South Carolina established:*

---

NOTE: On right to revoke license of foreign corporation for bringing suit in, or removing to, Federal Court, see note in 21 A. L. R., 188.

25 S. C., Stat. 999. *Duty of Insurance Commissioner to revoke license of foreign insurance company breaking laws of this State:* 95 S. C., 476; Civ. Code, 1922, Sec. 4064. *Constitutionality of Statue requiring foreign insurance company to submit to jurisdiction of courts of this State:* 95 S. C., 476. *Cases distinguished:* 257 N. S., 529; 66 L. Ed., 352; 202 U. S., 246; 94 U. S., 535. *Right of foreign insurance company to appeal form State Court to Federal Court:* Civ. Code, 1922, Sec. 4035. *Foreign insurance companies regulated:* Civ. Code, 1922, Secs. 4033, 4034, 4035 and 4068.

*Messrs. John M. Daniel, Attorney General, Cordie Page, Assistant Attorney General, and J. Nelson Frierson,* for respondent cite: *Supreme law of the land:* Const., of U. S., Art. VI, Sec. 2. *Extent of federal judicial power:* Const, of U. S., Art. III Secs. 1 and 2. *Jurisdiction of U. S., District Courts:* U. S., Judicial Code, Sec. 24. *Removal from State Court to Federal Court:* U. S. Judicial Code, Sec. 28. *Constitutionality of requirement that foreign corporation entering a State resign its right to go into Federal Court:* 121 U. S., 186; 87 U. S., 445; 22 L. Ed., 365. *Same; where State reserves a right to cancel license of foreign corporation upon its removal of case into Federal Court:* 257 U. S., 529; 66 L. Ed., 352; 241 U. S., 329; 60 L. Ed., 1027; 232 U. S., 318; 58 L. Ed., 621; 202 U. S., 246; 50 L. Ed., 1013; 94 U. S., 535; 24 L. Ed., 148; 21 A. L. R., 188.

October 30, 1926.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is a petition in the original jurisdiction of the Court for a writ of mandamus requiring the insurance commissioner to revoke the license of the Prudential Insurance Company to do business in this State, upon the ground that the insurance company has removed a case brought against

it by the petitioner, DeTreville, to the United States District Court, on the ground of diverse citizenship, the plaintiff in that action being a resident of this State and the defendant a foreign corporation.

The petitoner claims that the removal is in violation of the company's agreement that all suits against it should be tried exclusively in the State Courts (which was a condition of the securing of the license) and in violation of Sections 4033, 4034,4035, and 4068 of the Code of 1922.

The insurance commissioner making return to a rule to show cause why the mandamus prayed for should not issue, signed by Mr. Justice Watts on June 19, 1926, admits the allegations of fact contained in the petition, but submits that, in refusing to revoke the license of the company, he has acted under the advice of the Attorney General of the State to the effect that, under the decisions of the Supreme Court of the United States, the statutes refered to and the consent required of the company are ineffectual to deprive it of the constitutional right, in a proper case, of removal to the Federal Court.

The Sections of the Code referred to make it a condition precedent to the transaction of any business by a foreign corporation in this State that it shall submit to the jurisdiction of the State Courts in all matters connected therewith, and that this condition shall be a part of every contract made by the corporation in this State.

While there has been some variation in the decisions of the United States Supreme Court upon this subject, it has been finally settled by that Court that neither the express or implied consent of the foreign corporation nor any Statute of the State is effectual to deprive the corporations, as a citizen of another State, from exercising its constitutional right of removal. In the latest case upon the subject, *Terral v. Construction Co.,* 257 U. S., 529; 42 S. Ct., 188; 66 L. Ed., 352; 21 A. L. R., 186 (Feb, 27, 1922), the Court said:

"The principle established by the more recent decisions of this Court is that a State may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the State, exact from it a waiver of the exercise of its constitutional right to resort to the Federal Courts or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not."

See, also, extended note to this case, as reported in 21 A. L. R., 188.

The return to the rule is adjudged sufficient, and the petition is dismissed.

MESSRS. JUSTICES WATTS, BLEASE, and STABLER, and MR. ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.