**JONES & GUERRERO COMPANY, INC., Plaintiff-Appellee,**

v.

**SEALIFT PACIFIC, a corporation, Defendant-Appellant.**

No. 75–3121.

United States Court of Appeals, Ninth Circuit.

May 31, 1977.

---

Howard G. Trapp, Agana, Guam, submitted on briefs, for defendant-appellant.

Donald G. Lawrence, Agana, Guam, for plaintiff-appellee.

Before HUFSTEDLER, WRIGHT and SNEED, Circuit Judges.

PER CURIAM:

This appeal presents the question: Is there an analogy to removal under 28 U.S.C. § 1441 in the Guam District Court? We answer this question affirmatively, applying the principles announced in our companion case, *Mailloux v. Mailloux and Chase Manhattan Bank*, 554 F.2d 976.

Plaintiff is a Guamanian corporation and defendant is a California corporation. Plaintiff brought suit in the Guam Island Court, and defendant petitioned the Guam District Court attempting to remove the case. The district court held removal was not available and dismissed for lack of subject matter jurisdiction.

In *Mailloux* we held that a form of diversity jurisdiction exists in the Guam District Court after the Guam legislature exercised its prerogative to lodge all claims arising under local Guamanian law in the Island Court. That result was based upon 48 U.S.C. § 1421b(u)'s extension of the privileges and immunities clause of the Fourteenth Amendment to United States citizens residing in or entering Guam.

Removal by nonresident defendants is a corollary to the existence of diversity jurisdiction in the Guam District Court. (*Cf. Terral v. Burke Construction Co.* (1922) 257 U.S. 529, 531, 42 S.Ct. 188, 66 L.Ed. 352.) Accordingly, following *Mailloux,* we conclude that removal is available.

REVERSED.

SNEED, Circuit Judge (dissenting):

I would affirm on the basis of my dissenting opinion in *Mailloux v. Mailloux*, 554 F.2d 976. (9th Cir. 1977).