The **SUGAR CORPORATION OF PUERTO RICO,** Plaintiff,

v.

**ENVIRONEERING, INC.,** and **Federal Insurance Company,** Defendant.

Civ. No. 81–1215(PG).

United States District Court, D. Puerto Rico.

Aug. 24, 1981.

Rubén O. Figueroa, Figueroa, Nassar & Gallart, Hato Rey, P. R., for plaintiff.

David P. Freedman, O'Neill & Borges, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

PERÉZ–GIMENÉZ, District Judge.

This action was originally filed in the Superior Court of Puerto Rico, San Juan Part, as an action for breach of contract and damages. Subsequently, defendant corporations Environeering, Inc. (hereinafter Environeering) and Federal Insurance Company, filed a Petition for Removal asserting that co-defendant Environeering has been at the time this action was brought a corporation organized under the laws of Illinois, having its principal place of business in the State of Illinois, and that co-defendant Federal Insurance Company has been at the time this action was brought a corporation organized under the laws of New Jersey, having its principal place of business in the State of New York, while plaintiff, Corporación Azucarera de Puerto Rico (hereinafter Sugar Corporation) is a local corporation organized and existing under Puerto Rican law, having its principal place of business in the Commonwealth of Puerto Rico. Thus, petitioners invoked federal jurisdiction under 28 U.S.C. §§ 1332 and 1441.

Plaintiff has filed a Motion to Remand to the state court on five grounds:

1. That in a prior and still pending action *Daniel Pérez Antequera v. Environeering, Inc., Federal Insurance Company and the Sugar Corporation of Puerto Rico*, Civil No. 81–2381, Superior Court of Puerto Rico, San Juan Part, Environeering had an opportunity to remove a claim by the Sugar Corporation against it on the basis of the separate and independent claim doctrine of Title 28, U.S.C., Section 1441(c), and at Environeering's failure to do so, it waived its opportunity in the instant case;

2. That:

"The removal is being sought by two parties that at the present are litigating in the state courts of Puerto Rico with the same parties and over essentially the same issues that are being litigated in this case, that had the opportunity, but decided to waive their right to remove the litigation pending in the state courts

being totally aware of said alternative . . .";

3. That plaintiff, Sugar Corporation of Puerto Rico, is "an alter ego of the Commonwealth of Puerto Rico, who is the real party in interest", and since a state cannot be a citizen of any state, there can be no removal on the basis of diversity;

4. That both Environeering and Federal Insurance Company requested and obtained permission to do business in the Commonwealth of Puerto Rico, thus, waiving any rights to remove the case to the Federal Court;

5. That Environeering's principal place of business is in the Commonwealth of Puerto Rico, and that, therefore, no diversity jurisdiction exists.

■ 1) Title 28 U.S.C., Section 1441(c) reads:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters not otherwise within its original jurisdiction."

In the state court action Environeering and Sugar Corporation were both co-defendants who did not file any cross-claim. Therefore, there was no separate and independent claim or cause of action between Sugar Corporation and Environeering which could be removed to the Federal District Court.

Secondly, even if co-defendants in that case had brought claims against each other, the majority of cases have concluded that a third party defendant or a cross-claim defendant is not entitled to remove the case under 28 U.S.C. § 1441(c). 14 Wright and Miller, Federal Practice and Procedure, Section 3724, at 643, and cases therein cited.

■ 2) As to plaintiff's second contention, it should be noted at the outset that the parties in the state court action are not the same as the parties in the case at bar, nor are the issues similar. Plaintiff in the present case has made a claim for breach of certain contracts with Environeering and damages as a result thereof, while plaintiff in the Puerto Rico state court action has made a claim for collection of money for performance of another contract with Environeering, and Environeering has counter-claimed for breach of that contract. Moreover, removal based on diversity of citizenship pursuant to 28 U.S.C. § 1441(b),[1] is available only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. Sugar Corporation, as a defendant, being a citizen of Puerto Rico, the state in which the action was brought, removal is not possible. See: 14 Wright and Miller, Federal Practice and Procedure, Section 3723. Environeering and Corporación Azucarera could not waive a right that they did not have.

■ 3) Plaintiff's third argument is without merit. *Roberson v. Dale*, 464 F.Supp. 680 (M.D.N.C., 1979) discusses various tests used to determine whether the state is the "real party in interest". These tests are: whether the party has capacity to sue and be sued; whether the party's funds are separate from that of the government; whether the party's activities are pervasive through the entire political subdivision; whether the government has a direct financial interest in the activities of the party; whether under state law it is considered an integral part of the government, or instead, a separate entity; whether the activities performed by the party are those normally within the exclusive province of the government.

Corporación Azucarera is a subsidiary of the Land Authority of Puerto Rico, as evidenced by the resolution of the Land Au-

1. After defining the right to remove actions arising under the Constitution treaties or laws of the United States, Section 1441(b) provides: "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

thority of Puerto Rico attached to defendants' memorandum. Laws of Puerto Rico Annotated, Title 28, Section 242(c) provides that:

> "The Authority and its subsidiaries shall, as public corporations, have legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, bonds, notes, promissory notes, receipts, expenditures, accounts, funds, printed matter, and property of the Authority and of its subsidiaries, as well as the officers, agents, or employees thereof, shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the officers, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof."

■ The certificate of incorporation of Sugar Corporation in its Article 1(b) contains similar language as that found in Section 242(c). Therefore, considering all tests above mentioned, we can only conclude that Sugar Corporation has a legal personality separate and distinct from that of the Commonwealth of Puerto Rico and is not a government's alter ego.

■ 4) A corporation, by qualifying to do business in a state and by consenting to be sued in the courts of that state, does not become a citizen of that state for diversity purposes, nor does it waive its right to a removal to the federal court. *Terral v. Burke Construction Co.*, 257 U.S. 529, 532, 42 S.Ct. 188, 66 L.Ed. 352 (1922); *Carson Construction Co. v. Fuller-Web Construction*, 198 F.Supp. 464 (D.C.Montana, 1961); *Dávila v. Hilton Hotels International*, 97 F.Supp. 32 (D.P.R., 1951).

■ 5) A hearing was held on August 19, 1981, limited to the issue of Environeering's principal place of business to determine whether complete diversity existed between plaintiff and defendants and to determine whether the action was properly removed since Environeering as a defendant cannot be a citizen of the State in which the action is brought. 28 U.S.C. §§ 1332 and 1441(b).

Corporations, for the purposes of diversity have dual citizenship: "A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business". 28 U.S.C. § 1332(c). Jurisdiction is to be determined as of the time of filing of the complaint. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957); *Lugo Viña v. Pueblo International, Inc.*, 574 F.2d 41 (1 Cir., 1978); *Hawes v. Club Ecuestre Comandante*, 598 F.2d 698 (1 Cir., 1979).

■ The complaint in this case was filed on June 5, 1981; therefore, that is the date for determining the citizenship of the parties. We refuse plaintiff's counsel's invitation not to consider the date of filing of the complaint as a starting point to determine Environeering's principal place of business for jurisdictional purposes. More so, when case law cited by plaintiff does not support its invitation. In *Smith v. Sperling, supra*, the United States Supreme Court applied the rationale that jurisdiction is tested by the facts as they existed when the action is brought to a situation where plaintiff died and a special administrator was substituted. Plaintiff's contention that in *Lugo Viña v. Pueblo International, Inc., supra*, the First Circuit Judge consider the state of facts as they existed two years before the complaint was filed, is without merit and groundless. The following language appears in *Lugo Viña v. Pueblo, supra*, at 42 n. 1:

> "Both Judges Dalton's and Turk's [visiting Judges in U. S. District Court for District of Puerto Rico] orders were based on the fruits of discovery conducted in 1972, although the Lugo-Viña complaint was not filed until October 1974. Jurisdiction is to be determined as of the time of the filing of the complaint. See *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, [1113 n. 1] 1 L.Ed. 1205 (1957) quoting *Mollan v. Torrance*, 9 Wheat. (22 U.S.) 537, 539, 6 L.Ed. 154 (1824). We assume from the willingness of counsel on both sides to rely on the discovery conducted in *Agosto Alamo* [another case

before the U. S. District Court for the District of Puerto Rico] that the facts relative to Pueblo's locus remained substantially unchanged from 1972 through 1974."

The situation in *Lugo Viña* is contrary to the present case where counsel for defendants in his brief and in his oral argument has strongly and repeatedly emphasized that the diversity of citizenship of Environeering is to be determined as of the time the action is commenced, and that as of June 5, 1981, the principal place of business for Environeering was in Illinois. Defendants offered the testimony of John F. Dederick, Chief Engineer of Environeering. From the affidavits submitted by defendants and from the testimony of Mr. Dederick it is clearly evident that as of June 5, 1981, Environeering had no employees working in the Commonwealth of Puerto Rico and that Environeering was not performing any work in the Commonwealth of Puerto Rico; that what Environeering had as of that date in the Commonwealth of Puerto Rico was a claim against them in the state court and in the federal court and their claim against the Sugar Corporation in the federal court. Defendants have met their burden of proof to demonstrate that diversity of jurisdiction exists. We conclude that under any of the tests evolved by the federal courts to determine a corporation's principal place of business Environeering's principal place of business was other than in the Commonwealth of Puerto Rico, and as a result thereof there exists complete diversity between plaintiff and defendants, and the action was properly removed.

WHEREFORE, in view of the foregoing, the Court ORDERS that plaintiff's Motion for Remand, be and is hereby DENIED; and FURTHER ORDERS that defendants be granted $1,000 for attorneys' cost fees and expenses.

IT IS SO ORDERED.