**CNA CASUALTY of PUERTO RICO, Plaintiff,**

v.

**The FIDELITY and CASUALTY COMPANY of NEW YORK, et al., Defendant.**

**Civ. No. 91–2620 (JP).**

United States District Court, D. Puerto Rico.

April 30, 1992.

Jaime Morales Morales, San Juan, P.R., for plaintiff.

Luis N. Blanco Matos, San Juan, P.R., for defendant.

## OPINION & ORDER

PIERAS, District Judge.

The Court has before it plaintiff's Motion to Remand dated January 30, 1992. For the reasons stated below, the motion is hereby DENIED.

Plaintiff CNA Casualty of Puerto Rico (hereinafter "CNA"), a corporation organized under the laws of Puerto Rico, filed a suit in the Superior Court of Puerto Rico, San Juan Part, against defendant Fidelity and Casualty Company of New York ("Fidelity"), a corporation organized under the laws of New Hampshire. The complaint in the Commonwealth action was based on the following allegations. CNA issued insurance policies to the Puerto Rico Electrical Power Authority ("PREPA") to provide liability coverage for certain casualty identified in the policies. This coverage was reinsured through a facultative reinsurance agreement between CNA and Fidelity. After claims by PREPA based on these policies, CNA sent a claim to Fidelity in the amount of $656,071.77 for Fidelity's share of the satisfied risks. Fidelity failed to pay. After CNA filed its complaint in Superior Court, Fidelity filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on December 27, 1992, predicating jurisdiction on diversity of citizenship. *Accord* 28 U.S.C. § 1332.

■ Plaintiff responded with its Motion to Remand, which urges this Court to decline to entertain this case because of several alleged deficiencies in defendant's petition. First, plaintiff asserts that defendant has failed to meet the requirements of 28 U.S.C. § 1446 by failing to file with its Notice of Removal the necessary certified translations of documents previously filed in Superior Court. This assertion can be disposed of quickly. Defendant filed a Motion Requesting Temporary Waiver of Local Rule 108.1, which requires the filing of certified translations, on December 27, 1991. This motion was granted on January 9, 1992. The required translations were filed by defendant on January 31, 1992, under its Motion Submitting Certified Translation of Complaint. Defendant has therefore complied with all procedural formalities.

■ Second, plaintiff claims that this suit is a "direct action" against Fidelity, which, pursuant to 28 U.S.C. § 1332(c), imposes upon Fidelity the citizenship of the insured, and that since the insured, PREPA, is like CNA domiciled in Puerto Rico, the parties to this action are nondiverse. This contention can also be dis-

posed of quickly. Section 1332(c) provides, in pertinent part:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.

The instant case is not the "direct action" contemplated by Section 1332(c), which deals with suits in which an aggrieved individual, pursuant to a state statute allowing such actions, sues a tortfeasor's insurance company directly, bypassing the tortfeasor. Its purpose is to "eliminate under the diversity jurisdiction of the U.S. district courts suits on certain tort claims in which both parties are local residents, but which, under a State "direct action" statute, may be brought directly against a foreign insurance carrier without joining the local tort feasor as a defendant." Sen.Rep. No. 1308, 88th Cong., 2d Session (1964), reprinted in 1964 *U.S.Code Cong. and Admin.News*, at 2778–79. Since plaintiff's suit is not this type of action, Section 1332(c) does not apply.

■ Third, plaintiff asserts that Fidelity has filed documents with the Commonwealth of Puerto Rico which, among other things, effect a waiver of Fidelity's right to remove this case. Pursuant to the Insurance Code of Puerto Rico, all foreign insurance and/or reinsurance companies must file with the Office of the Insurance Commissioner of Puerto Rico "a certificate duly signed by its executive head and authenticated by the corporate seal, if any, whereby the insurer consents to be sued in the courts of Puerto Rico for any cause of action arising against it in Puerto Rico...." 26 L.P.R.A. § 317(1)(i). Fidelity filed a series of such certificates, in which it stated that it "consents to be sued in the courts of Puerto Rico for any cause of action arising against it in Puerto Rico." Plaintiff asserts that by filing these certificates Fidelity has consented to be sued solely in the courts of the Commonwealth of Puerto Rico and is therefore foreclosed from removing this action to this court.

Plaintiff initially cited to a series of cases on contractual forum selection clauses for support of its restrictive interpretation of the consent required by the Puerto Rico Code. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir.1991); *John's Insulation, Inc. v. Siska Const. Co., Inc.*, 671 F.Supp. 289 (S.D.N.Y.1987); *Links Design, Inc. v. Lahr*, 731 F.Supp. 1535 (M.D.Fla.1990). Defendant responded that these cases support *its* contention that the disputed clause is a "permissive" forum selection clause which does not restrict jurisdiction over disputes between these parties to any single court but instead simply provides an additional forum as an option. After consideration of these cases, the Court has come to the conclusion that they are inapposite. The disputed clause in this case is not contained in a contract. Instead, it is contained in certificates filed by Fidelity pursuant to requirements of the Puerto Rico Insurance Code. The issue therefore is not the intent of the parties but instead the intent of the Puerto Rico legislature.

Since the parties did not address this issue, the Court reviewed the statute and construing caselaw to determine the intent of the legislature in enacting 26 L.P.R.A. § 317(1)(i). Although no direct guidance could be found, several cases were considered which stand for the proposition that "the mere grant of consent to be sued in the courts of a State by a foreign *corporation* as a condition on the right to do business therein, does not operate to deprive such corporation of its right to remove a cause brought against it in a court of that State to a federal court within that State." *Dávila v. Hilton Hotels International, Inc.*, 97 F.Supp. 32 (D.Puerto Rico 1951) (emphasis added); *see also Sugar Corporation of Puerto Rico v. Environeering, Inc.*, 520 F.Supp. 996, 999 (D.Puerto Rico 1981). Although these cases deal with corporations in general, the Court sees no reason why their reasoning cannot be applied to insurance companies. In addition, the certification provision does not explicitly require that insurance companies consent to be sued only in the courts of the Commonwealth of Puerto Rico. Instead,

the certificate, which also requires that foreign insurance companies designate an agent for service of process in Puerto Rico, appears intended only to require that the companies submit themselves to personal jurisdiction in Puerto Rico. Finally, the Court is not inclined to read the certification provision as creating a situation in which Puerto Rico requires that foreign insurance companies waive their otherwise established right to access to federal court as a precondition of doing business in Puerto Rico.

■ Plaintiff contends, however, that the McCarran–Ferguson Act, 15 U.S.C. § 1012, directs that States hold the power to regulate the business of insurance and that Congress is prohibited from invalidating, impairing, or superseding any such state law related to the regulation of its insurance business. Plaintiff feels that the effect of this directive is illustrated by the case of *Corcoran v. Reinsurance Corp.*, 713 F.Supp. 77 (S.D.N.Y.1989), in which a district court, applying the abstention doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), elected to remand a case that had previously been removed, based in part on "the McCarran–Ferguson Act's 'express federal policy of non-interference in insurance matters.' " *Id.* at 79 (quoting *LEICL v. Corcoran*, 807 F.2d 38, 44 (2d Cir.1986), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987)).

It should be noted first that this is a significant shift of gears. *Corcoran* does not involve any issue of waiver. Instead, it reflects the willingness of a federal court to abstain from disrupting New York's complex, unified and comprehensive scheme for dealing with issues involving insurance where the New York courts had taken steps to " 'implement[ ] the state's policy of unified adjudication.' " *Id.* at 43. Plaintiff has in no way asserted that the Puerto Rico Insurance Code presents incorporates a similar scheme, perhaps because a review of the Code indicates that such an assertion would be incorrect. The Court therefore finds that the concerns of *Corcoran* are not present in this case and that

this Court is under no obligation to abstain from hearing this action. Plaintiff's Motion to Remand is therefore DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23 day of April, 1992.