96 F.3d 837
 65 USLW 2231
 INTERNATIONAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Harold T. DURYEE, in his capacity as Superintendent of
Insurance of the Ohio Department of Insurance, Defendant,
Bridgestone/Firestone, Inc., Proposed Intervenor/Defendant-Appellant.
 Nos. 95-3602, 95-3603.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 6, 1996.
Decided Sept. 24, 1996.
 
 Robert L. Eblin, Schwartz, Kelm, Warren & Ramirez, Columbus, OH, Frank J. Cumberland (briefed), Craig P. Kvale, Kaufman & Cumberland, Cleveland, OH, Karl D. Belgum, Wynne S. Carvill (argued), Thelen, Marrin, Johnson & Bridges, San Francisco, CA, for Plaintiff-Appellee.
 Kathleen B. Burke (argued and briefed), Jones, Day, Reavis & Pogue, Cleveland, OH, Barbara B. McDowell (briefed), Jones, Day, Reavis & Pogue, Washington, DC, for Proposed Intervenor/Defendant-Appellant.
 Robert P. Rutter (briefed), Cleveland, OH, for Amicus Curiae Ohio Academy of Trial Lawyers.
 Irene C. Keyse-Walker (briefed), Arter & Hadden, Cleveland, OH, for Amicus Curiae Ohio Association of Civil Trial Attorneys.
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; DUGGAN, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 The state statute whose constitutionality is at issue in this case, Ohio Revised Code § 3927.05, effectively prohibits out-of-state insurance companies from removing cases from state to federal court by barring such companies from further business in Ohio. It reads in relevant part:
 
 
 2
 If any foreign insurance company ... doing business in this state makes an application for a change of venue, or applies to remove a suit begun in a court of this state, in which it has been sued by a citizen of this state, to any federal court, ... the superintendent of insurance forthwith shall revoke and recall the license to it to do business in this state, and no renewal thereof shall be granted for three years after its revocation. No such company ... shall transact any business in this state until it is again licensed and authorized to do so.
 
 
 3
 Ohio Rev.Code Ann. § 3927.05 (Baldwin 1995). The plaintiff, International Insurance Company, a defendant in a state court insurance coverage action filed by Bridgestone/Firestone, brought this declaratory judgment action in federal court, seeking to invalidate § 3927.05. The District Court found the statute unconstitutional based on the Supreme Court's holding in Terral v. Burke Const. Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352 (1922). At issue in Terral was an Arkansas statute that revoked a foreign company's authority to do business if the company removed a state court suit to federal court. In striking down the statute, the Court unanimously held:
 
 
 4
 [A] state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not.... [This principle] rests on the ground that the federal Constitution confers upon citizens of one state the right to resort to federal courts in another, that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a state in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law.
 
 
 5
 Id. at 532-33, 42 S.Ct. at 189. While couched in terms of "supreme fundamental law," the Terral decision, as recognized by the court below, see J.A. at 17 n. 2, is best understood as being founded on the Supremacy Clause, U.S. Const. art. VI, which renders unconstitutional any state statute which is in conflict with federal law. In the present case, § 3927.05, in limiting a party's ability to remove a case to federal court, is in direct conflict with the federal removal statute, 28 U.S.C. § 1441.
 
 
 6
 Bridgestone/Firestone's argument on appeal is that the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, saves § 3927.05 from unconstitutionality. The argument is simple: Under McCarran-Ferguson, "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, ... unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b) (1976). The federal removal statute is an act of Congress that would "invalidate, impair, or supersede" § 3927.05. The removal statute does not specifically relate to the business of insurance. Thus, if the Ohio law was enacted "for the purpose of regulating the business of insurance," it is saved from federal preemption.[1]
 
 
 7
 The Supreme Court has twice had occasion to decide whether a state law was enacted "for the purpose of regulating the business of insurance" under McCarran-Ferguson. In SEC v. National Securities, Inc., 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969), the Court noted that Congress's focus in drafting the language at issue "was on the relationship between the insurance company and the policyholder," and concluded that state "[s]tatutes aimed at protecting or regulating this relationship, directly or indirectly, are laws regulating the 'business of insurance.' " Id. at 460, 89 S.Ct. at 569.
 
 
 8
 The Court revisited this statutory interpretation issue in United States v. Fabe, 508 U.S. 491, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993). The Court considered a conflict between § 3903.42 of the Ohio Revised Code, which confers only fifth priority upon claims of the United States in proceedings to liquidate an insolvent insurance company, and 31 U.S.C. § 3713, which accords first priority to the United States in the same proceedings. 508 U.S. at 493, 113 S.Ct. at 2204. Finding that § 3903.42 was enacted for the purpose of regulating the business of insurance "to the extent that it protects policyholders," id., the Court held that the McCarran-Ferguson Act applied and that the general federal priority statute did not preempt the state law. The Court found that the Ohio statute protected policyholders by elevating the payment of claims by policyholders and claims for administrative costs above claims of the United States. In giving policyholders priority over federal claims, the Court noted, the law indirectly protected the relationship between the insurer and the insured by guaranteeing that more policyholders would be paid in the event of an insurance company liquidation. Id. at 508-09, 113 S.Ct. at 2211-12.
 
 
 9
 In deciding Fabe, the Court distinguished Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979), and Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982), both of which construed a related but distinct phrase of the McCarran-Ferguson Act. Royal Drug and Pireno concerned what types of insurance company activities constitute the "business of insurance" for the purposes of McCarran-Ferguson's antitrust immunity provision.[2] While confirming that Pireno provides the three-factor test for determining whether certain practices are part of the "business of insurance,"[3] the Fabe Court found that the "broad category of laws enacted 'for the purpose of regulating the business of insurance' ... necessarily encompasses more than just the 'business of insurance.' " 508 U.S. at 505, 113 S.Ct. at 2210 (describing the broader category as consisting of laws "that possess the 'end, intention, or aim' of adjusting, managing, or controlling the business of insurance") (quoting Black's Law Dictionary 1236, 1286 (6th ed.1990)). The Fabe Court upheld the Ohio priority statute because it was " 'aimed at protecting or regulating' the performance of an insurance contract." 508 U.S. at 505, 113 S.Ct. at 2210 (quoting National Securities, 393 U.S. at 460, 89 S.Ct. at 568-69).
 
 
 10
 It is not clear from the majority opinion in Fabe how far its holding extends. The dissenting justices, possibly anticipating a case such as the one at bar, concluded that: "Under the majority's reasoning, any law which redounds to the benefit of policyholders is, ipso facto, a law enacted to regulate the business of insurance." Fabe, 508 U.S. at 511, 113 S.Ct. at 2213 (Kennedy, J., dissenting) (internal citations omitted). But, even if the Fabe holding is as broad as the dissent almost mockingly suggests, it does not extend to preserve the Ohio statute at issue in the present case. The purpose of § 3927.05, as urged by Bridgestone/Firestone, is "to assist Ohio policyholders in enforcing their insurance policies by assuring them a convenient state court forum in which to sue their insurance companies." Appellant's Brief at 18. But, in the words of Judge Smith in the court below: "Even if it is accepted that litigation is related to an integral part of the policy relationship, it cannot fairly be said that choice of forum between state and federal court, within a state, is likewise integral." J.A. at 23 n. 2. Unlike the statute at issue in Fabe, which substantively altered the rights of policyholders, § 3927.05 neither regulates the policy relationship nor affects an insured's right to obtain payment on a policy. In fact, § 3927.05 does not even mention "policy" or "policyholder." The statute would effectively allow any person or entity from Ohio who has a grievance with a foreign insurance company, whether related to insurance coverage or not, to keep the insurance company from removing the case to federal court. Considering these points, it is evident that § 3927.05 was not enacted so much "for the purpose of regulating the business of insurance" as for the parochial purpose of regulating a foreign insurer's choice of forum and punishing the insurer for going into federal court. The McCarran-Ferguson Act was not meant to protect a statute so tangentially related to insurance from the general rule of federal law supremacy. If any statute escapes Fabe's broad definitional construct, it is the statute at issue here.
 
 
 11
 The judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The District Court first considered the McCarran-Ferguson argument upon Bridgestone/Firestone's motion to intervene in the declaratory judgment action, which came several weeks after the court ruled that § 3927.05 was unconstitutional under Terral. The court concluded that the statute was not enacted for the purpose of regulating the business of insurance and that McCarran-Ferguson did not apply. Accordingly, the court held that the original parties' failure to cite or discuss the McCarran-Ferguson Act did not result in inadequate representation of Bridgestone/Firestone's interests, and that its intervention would be "futile." Although the district court did not cite to Federal Rule of Civil Procedure 24(a) in denying Bridgestone/Firestone's motion to intervene, the court's ruling tacitly recognized that a party cannot intervene as of right when the party's interest is "adequately represented by existing parties." While the court did not rule on each step of the four-part test set out in Rule 24(a), see Grubbs v. Norris, 870 F.2d 343 (6th Cir.1989), the court found "that the McCarran-Ferguson Act clearly does not apply to the instant case" and that, accordingly, "the original parties' failure to cite or discuss it did not result in inadequate representation of Firestone's interests" (emphasis added). The court's decision on whether to allow Firestone's intervention thus was intertwined with its merits determination that McCarran-Ferguson did not apply. Because the court below chose to decide the issue in this way, we reach the merits of the underlying constitutional question rather than attempting to dispose of the case on intervention grounds. Indeed, International appears to concede, by not arguing a contrary position in its brief, that Bridgestone/Firestone would meet the Rule 24(a) factors for intervention
 
 
 [2]
 In the clause following the one at issue in this case, the McCarran-Ferguson Act makes the federal antitrust laws "applicable to the business of insurance to the extent that such business is not regulated by State law." 15 U.S.C. § 1012(b). This clause has the effect of exempting the "business of insurance" from the antitrust laws. See Fabe, 508 U.S. at 504, 113 S.Ct. at 2209-10
 
 
 [3]
 The criteria are:
 [F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.
 Pireno, 458 U.S. at 129, 102 S.Ct. at 3008-09.