Bruce GAVIN, Petitioner, Appellant,

v.

Paul CHERNOFF, Respondent, Appellee.

Terry O. JARVI, Petitioner, Appellant,

v.

Larry R. MEACHUM, Respondent, Appellee.

Roscoe Owen HEATHMAN, Petitioner, Appellant,

v.

Larry R. MEACHUM, Respondent, Appellee.

Nos. 76–1351, 76–1352 and 76–1354.

United States Court of Appeals, First Circuit.

Argued Nov. 3, 1976.

Decided Dec. 30, 1976.

Dianne Keegan, Boston, Mass., for appellants.

John J. Bonistalli, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., and Donald P. Zerendow, Asst. Atty. Gen., Acting Chief, Crim. Bureau, Boston, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and GIGNOUX, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

We are asked to overrule this circuit's decision in *Walsh v. Picard,* 446 F.2d 1209 (1st Cir. 1971), *cert. denied,* 407 U.S. 921, 92 S.Ct. 2465, 32 L.Ed.2d 807 (1972), in which a divided court held that the due process clause of the fourteenth amendment does not compel the Appellate Division of the Massachusetts Superior Court to give a statement of its reasons for increasing the sentence of a defendant who has appealed to the Appellate Division for review of his sentence. *See* Mass.Gen.Laws ch. 278, § 28B. We decline to do so.

Appellants were convicted of felonies in separate proceedings in the Massachusetts Superior Court. Each appealed to the Appellate Division for review of his sentence, and each suffered some increase in his sentence on appeal. In none of the cases did the Appellate Division state its reasons for increasing the sentence. Each prisoner then petitioned the Supreme Judicial Court of Massachusetts for writ of error, arguing in part that recent cases interpreting the doctrine announced in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), *see, e. g., Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *Michigan v. Payne,* 412

U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973), and applying the due process rationale set forth in *Goldberg v. Kelley,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) to various criminal settings, *see, e. g., Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), establish that due process requires the Appellate Division to give a statement of its reasons for increasing a sentence. After consolidating the petitions, the Supreme Judicial Court in a comprehensive and thoughtful opinion rejected appellants' due process arguments and affirmed its holding in *Walsh v. Commonwealth,* 358 Mass. 193, 260 N.E.2d 911 (1970) that no statement of reasons is constitutionally required. *Gavin v. Commonwealth,* 1975 Mass.Adv.Sh. 926, 327 N.E.2d 707 (1975) (Kaplan, J.). Having exhausted their state remedies, appellants filed separate petitions for habeas corpus in the district court raising the same due process attack. The district court consolidated the petitions and thereafter granted the Commonwealth's Motion to Dismiss on the basis of our decision in *Walsh.* This appeal followed.

In asking us to reconsider and overrule *Walsh,* appellants are confronted with the doctrine of *stare decisis.* The Supreme Court recently observed that the doctrine "is still a powerful force in [its] jurisprudence", *United States v. Maine,* 420 U.S. 515, 527, 95 S.Ct. 1155, 1161, 43 L.Ed.2d 363 (1975), and the more numerous inferior federal courts have, of course, no less reason than that Court to pay it respect. "One who seeks to overcome the principle of *stare decisis* should be prepared to offer compelling reasons which outweigh the public interest in the stability of legal doctrine." *Ramos v. Beauregard, Inc.,* 423 F.2d 916, 917 (1st Cir.), *cert. denied,* 400 U.S. 865, 91 S.Ct. 101, 27 L.Ed.2d 104 (1970). *See Sarzen v. Gaughan,* 489 F.2d 1076, 1082 (1st Cir. 1973). Here appellants' essential arguments remain much the same as those considered and rejected in 1971. There are

* Of the District of Maine, sitting by designation.

no "compelling" new reasons and no change in circumstances justifying reconsideration of the previous decision.

Appellants, it is true, direct our attention to several decisions of the Supreme Court since *Walsh,* but they seem to us to add little or nothing new to the arguments that could have been and were presented then. The Massachusetts Supreme Judicial Court thoroughly discussed appellants' arguments based upon those recent cases when rejecting their petitions for writs of error. *Gavin v. Commonwealth, supra.* As we agree with what the Massachusetts Court had to say about them, we shall not attempt here to state what would in substance be a repeat analysis.* Borrowing phrases from the Supreme Judicial Court, we are satisfied that the "new ammunition" which appellants fire at this "old target" misses the mark.

*Affirmed.*

---

* Appellants point to no Supreme Court precedent since the Massachusetts Supreme Judicial Court's decision in *Gavin* to support their due process attack. Indeed, two recent cases seem to undermine parts of their argument. Appellants cite our decision in *Palmigiano v. Baxter,* 487 F.2d 1280 (1st Cir. 1973) for the proposition that providing a statement of reasons would aid in the prisoner's rehabilitation. Anything in that opinion to the effect that prison authorities should be required to state their reasons for taking disciplinary action against an inmate in order to assure the inmate that he is being treated fairly would not seem to survive the Supreme Court's holding in *Baxter v. Palmigiano,* 425 U.S. 308, 322, 96 S.Ct. 1551, 1559, 47 L.Ed.2d 810 (1976), that requiring "written reasons for denying inmates the limited right to call witnesses in their defense" may be "useful" but is not "required". In another

case decided last term, *Ludwig v. Massachusetts,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), the Court upheld the two-tier system of trial courts in Massachusetts against a constitutional attack, finding the practice does not infringe on a defendant's right to a jury trial or his right to be free from double jeopardy. Appellants distinguish this case on the ground that the trial de novo and resentencing procedures are entirely different, but we agree with the Supreme Judicial Court that the Massachusetts procedure for "appellate resentencing . . . bears some (although admittedly not exact) analogy to change of sentence after 'de novo' trial in a 'two tier' trial system", *Gavin v. Commonwealth,* 1975 Mass.Adv.Sh. 926, 937, 327 N.E.2d 707, 711 (1975). To that extent, *Ludwig* detracts from appellants' argument.