EUBANK HEIGHTS APARTMENTS, LTD., Plaintiff, Appellee,

v.

Estelle I. LEBOW, Executrix of the Estate of Saul L. Lebow, Defendant, Appellant.

No. 79–1474.

United States Court of Appeals, First Circuit.

Argued Jan. 9, 1980.

Decided Feb. 21, 1980.

Mack M. Roberts, Chestnut Hill, Mass., with whom Jerry E. Benezra, Melrose, Mass., was on brief, for appellant.

Eric E. Mulloy, Boston, Mass., with whom Powers & Hall, Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and BOWNES, Circuit Judges.

ALDRICH, Senior Circuit Judge.

On September 28, 1972, Saul L. Lebow executed in Massachusetts a limited partnership agreement and, in connection therewith, six promissory notes, the first due March 15, 1973, the last due March 15, 1975. The payee was the partnership, Eubank Heights Apartments, Ltd. The partnership was created under Texas law, with its general partners and its principal office in Texas. Lebow, a resident of Massachusetts, died on March 12, 1973. His wife, Estelle, was appointed executrix on May 22, 1973. Apparently not until March, 1974, did the partnership, hereinafter plaintiff, learn of Lebow's death and of the probate proceedings. On April 3, 1974, plaintiff exercised its right to make the notes payable in Texas by notifying defendant. On December 13, 1974, plaintiff brought suit on the notes in the state court of Texas, naming as defendant the Estate of Saul L. Lebow. Service was made on the Secretary of State, and notice was sent to, and received by, the executrix.[1] She made no response, and on May 16, 1975, a default judgment for the amounts of the notes, interest, and attorney's fees was entered, naming the Estate as the judgment debtor. There is, of course, no such entity; at least none such is recognized in Massachusetts. *Crowe v. Di Manno*, 1 Cir., 1955, 225 F.2d 652, 653. Nor were there any assets, to be denominated an estate, in Texas.

Action was brought on the judgment in the district court for the District of Massachusetts on February 12, 1976, naming as defendant Estelle I. Lebow, Executrix of the Estate of Saul L. Lebow. The above facts having been made to appear by affidavits, plaintiff moved for summary judgment and defendant moved to dismiss. The court granted the motion for judgment, inferentially denying the motion to dismiss, and defendant appeals.

 The first defense asserted is that decedent did not have sufficient connection with Texas to give that state jurisdiction

---

1. Strictly, the notification was addressed to:
 The Estate of Saul L. Lebow
 Mrs. Saul L. Lebow

over him under its longarm statute, Tex. Rev.Civ.Stat.Ann. art. 2031b, §§ 3, 4. This is a conventional statute, whose reach is restricted only by the Constitution. *Product Promotions, Inc. v. Cousteau*, 5 Cir., 1974, 495 F.2d 483, 491; *U-Anchor Advertising, Inc. v. Burt*, Tex., 1977, 553 S.W.2d 760, 762, cert. denied, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763. Although the partnership was created to deal with New Mexico land, it was a Texas-run enterprise, by the terms of the agreement governed by Texas law, and had cumulatively such Texas connections that we see no merit in defendant's attack on the Texas court's in personam jurisdiction so far as the decedent was concerned. *Cf. Product Promotions*, ante.

■ This, however, is only one step. However labeled, this was not an action against the decedent—he no longer existed. The suit was, in effect, against his former assets; obviously defendant would not be liable individually. The fact that Texas would have had in personam jurisdiction over him does not mean that it had jurisdiction in rem, or quasi in rem. Indeed, he died before there even was a claim against his assets. What happens to a person's intangible assets after death is determined by the state of domicile. It may provide for their disposition quite contrary to his wishes. *See, e. g.*, Mass. G.L. c. 191, § 15 (compulsory estate to surviving spouse). It may even provide that certain plaintiffs cannot claim against them at all. *E. g., Gallagher v. First Nat'l Bank of Boston*, 1964, 346 Mass. 587, 195 N.E.2d 68; *Putnam v. Savage*, 1923, 244 Mass. 83, 138 N.E. 808. We must look, accordingly, to the law of Massachusetts to determine whether plaintiff took adequate steps to secure an interest chargeable against the assets.

Theoretically, a number of legal actions were open to plaintiff in Texas upon learning that decedent had died. It could have brought suit naming the foreign executrix as defendant; it could have arranged for the appointment of a local administrator and named him;[2] it could have done what it did, named the estate and notified the executrix. In the district court defendant did not claim that the Estate of Saul L. Lebow was a nonentity, but asserted that it was "a different party . . . than the defendant in this action." We think defendant's present claim, that there was no party at all, hypertechnical. Identification was clear, and statutory service was made on the executrix. We would not hold this judgment a worthless piece of paper simply because defendant's name as estate representative was not included thereon. Rather, we take the issue to be whether plaintiff could obtain a judgment in Texas valid against estate assets in Massachusetts by suing the executrix in Texas. This is not, as plaintiff would contend, a constitutional question of full faith and credit, but, in the first instance, a refined question of jurisdiction.

A long held view is that a court-appointed estate representative cannot represent the estate for purposes of suit, whether as plaintiff or defendant, beyond the state borders. It would have advanced consideration of this case substantially if plaintiff had called our attention to *Saporita v. Litner*, 1976, 371 Mass. 607, 358 N.E.2d 809. It is not our primary obligation to be acquainted with Massachusetts law; counsel owe a duty to the court.[3]

■ In *Saporita* a Massachusetts creditor succeeded in obtaining a judgment in Massachusetts against an executor of a Connecticut estate. The court, after extensive discussion of the old cases, held that such procedure was in accord with the times. We cannot think that Massachusetts would decline to take the reciprocal view, and refuse to recognize a Texas judgment

---

2. A procedure that would have accomplished nothing, since the Massachusetts court would not have considered him and the executrix the same party. *Leach v. Leach*, 1921, 238 Mass. 100, 130 N.E. 262.

3. We are also critical of defendant, who either shared plaintiff's negligence in not discovering *Saporita*, or else was disingenuous in arguing that defendant "had no standing to be subject to an action in Texas" without mentioning it.

against a Massachusetts executor. It is true that plaintiff Saporita obtained service in hand on the foreign executor in Massachusetts, whereas defendant here received only substituted service by mail, but we do not think that a significant difference. If the Texas long arm would have reached the decedent, we do not believe it withered on his death. *Cf. Saporita,* ante, 371 Mass. at 617–19, 358 N.E.2d 809; *Toczko v. Armentano,* 1960, 341 Mass. 474, 170 N.E.2d 703. Although defendant protests that she never engaged in business in Texas, she cites no authority suggesting that that is significant. We hold the judgment valid.

■ Next, defendant contends that the action on the judgment was not timely brought. She confects this in part by relying on Mass. G.L. c. 197, § 9, which provides that suit must be brought within nine months after defendant's qualification as executrix, and neglecting all reference to section 10.[4] This section permits suits to be brought after the period specified in section 9 if the Supreme Judicial Court finds the creditor "not chargeable with culpable neglect."[5] The timeliness of the Texas suit is res judicata. Since the Massachusetts legislature cannot oust the federal courts' jurisdiction, *Terral v. Burke Constr. Co.,* 1922, 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, culpable neglect, vel non, with regard to the present action must be determined by the federal court. We see no issue of culpability. Defendant, having been served with process, knew of the Texas action. Plaintiff brought suit in Massachusetts promptly, within nine months, after obtaining the Texas judgment.[6]

The district court correctly recognized that late recovery against the executrix could not be had under section 9, but, apparently ignorant of a right to do so under section 10, relied on Mass. G.L. c. 197, § 29 as authority to enter judgment against defendant as executrix. Although the entry of judgment was correct, the asserted avenue was not. Section 29 is not concerned with actions against executors. However, it does provide for recovery against the assets in the hands of individual distributees, under certain conditions including timeliness, if insufficient assets remain in the hands of the executor.[7] For the same reason that we have found this action timely with regard to section 10, including defendant's timely notice of the claim, we consider that plaintiff meets that condition as against defendant, and defendant may be liable individually under section 29 to the extent she lacked assets as executrix but may have been a distributee. What assets she lacked as executrix but possessed a distributee was not determined below. This matter, if need be, may be pursued on remand.

4. Again, we wonder how section 10, which becomes important again in connection with section 29, post, could have been ignored by both parties.

5. § 10. "Barred claims; procedure. If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person, provided forthwith upon the filing of the bill a notice such as provided in section nine has been filed in the proper registry of probate; but such judgment shall not affect any payment or distribution made before the filing of such bill and notice."

6. It is not clear whether or when the notice required by section 10 was filed in the probate court, but neither does it appear that this was of significance, since there is no doubt that defendant had timely actual notice through judicial process and otherwise. *Cf. Parker v. Rich,* 1937, 297 Mass. 111, 114, 8 N.E.2d 345; *United States v. Saxe,* 1 Cir., 1958, 261 F.2d 316, 320.

7. § 29. "Enforcement. A creditor whose right of action accrues after the expiration of said time of limitation, and whose claim could not legally be presented to the probate court, or whose claim, if presented, has not been allowed, may, by action commenced within one year next after the time when such right of action accrues, recover such claim against the heirs and next of kin of the deceased or against the devisees and legatees under his will, each of whom shall be liable to the creditor to an amount not exceeding the value of the real or personal property which he has received from the estate of the deceased."

*Judgment affirmed.*

*Remanded for further proceedings consistent herewith.*