**EUBANK HEIGHTS APARTMENTS, LTD., Plaintiff, Appellee,**

v.

**Estelle I. LEBOW, Executrix of the Estate of Saul L. Lebow, Defendant, Appellant.**

**No. 81–1456.**

United States Court of Appeals, First Circuit.

Argued Nov. 5, 1981.

Decided Jan. 20, 1982.

Jerry E. Benezra, Boston, Mass., with whom Mack M. Roberts, Chestnut Hill, Mass., was on brief, for defendant, appellant.

Nathaniel M. Gorton, with whom James H. Anderson, and Powers & Hall Professional Corp., Boston, Mass., were on brief, for plaintiff, appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and DAVIS,* Judge.

LEVIN H. CAMPBELL, Circuit Judge.

This case is the successor to our decision and judgment in *Eubank Heights Apartments, Ltd. v. Estelle I. Lebow, Executrix of the Estate of Saul L. Lebow*, 615 F.2d 571 (1st Cir. 1980). There we affirmed the granting of summary judgment to Eubank (hereinafter plaintiff), which had sued Lebow, Executrix, in the United States District Court for the District of Massachusetts upon a default judgment obtained in the state courts of Texas. The Texas judgment was for amounts owed plaintiff on certain notes executed by Saul L. Lebow, deceased, a Massachusetts resident. The notes fell due in the period from March 15, 1973 to March 15, 1975, after Lebow's death, and his wife and executrix, Estelle, did not pay them. After plaintiff learned of Lebow's death, it demanded payment and exercised the right to make the notes payable in Texas, where judicial proceedings were then conducted against the Massachusetts estate, notice being given to the executrix in Massachusetts, who did not appear.

In the previous case, this court sustained the district court's ruling that the Texas judgment was enforceable against the Massachusetts executrix. We held *inter alia* that suit on the foreign judgment was timely, being permitted under Mass. G.L. c. 197, § 10, even though not within the nine-month period prescribed in Mass. G.L. c. 197, § 9. We observed that the "timeliness of the Texas suit is res judicata" and that we saw no issue of culpable neglect.

This court's opinion went further, however, than merely upholding the district court's money judgment against the estate based on the prior Texas judgment. Judge Aldrich, writing for the court, went on to observe,

The district court correctly recognized that late recovery against the executrix could not be had under section 9, but, apparently ignorant of a right to do so under section 10, relied on Mass. G.L. c. 197, § 29 as authority to enter judgment against defendant as executrix. Although the entry of judgment was correct, the asserted avenue was not. Section 29 is not concerned with actions against executors. However, it does provide for recovery against the assets in the hands of individual distributees, under certain conditions including timeliness, if insufficient assets remain in the hands of the executor. For the same reason that we have found this action timely with regard to section 10, including defendant's timely notice of the claim, we consider that plaintiff meets the condition as against defendant, and defendant may be liable individually under section 29 to the extent she lacked assets as executrix but may have been a distributee. What assets she lacked as executrix but possessed as distributee was not determined below. This matter, if need be, may be pursued on remand.

615 F.2d at 574 (footnote omitted).

The bottom line of our decision was: "Judgment affirmed. Remanded for further proceedings consistent herewith."

It is clear from the above that this court was not only affirming the district court's money judgment against the executrix (albeit under a different Massachusetts statute), but was authorizing proceedings, if necessary, on remand to determine, "what assets [Mrs. Lebow] lacked as executrix but possessed as distributee." Such proceedings could only be for the purpose of allowing plaintiff to reach, if need be, any amounts distributed by Mrs. Lebow to herself in the lengthy period during which litigation had been taking place. That this was so is indicated not only by the direction that the case be remanded (instead of only affirmed), but by the express direction that this "matter, if need be, may be pursued on

* Of the U.S. Court of Claims, sitting by designation.

remand below." Not only did the court plainly believe that section 29 permitted plaintiff to recover from Mrs. Lebow, qua distributee, any necessary sums paid to or for herself when she was executrix, we made express provision that "the matter" be pursued on remand, in this very case rather than in some other.

Against this background, and with these directions for guidance, plaintiff returned to the district court to collect its judgment. An execution for $62,130.82 was secured in the district court on June 27, 1980, four months after our opinion had come down. The execution ran against Estelle I. Lebow, Executrix of the Estate of Saul L. Lebow. It was returned unsatisfied. Thereafter plaintiff moved to enforce the execution, and a hearing was held on the motion before a magistrate.

At the hearing it appeared, and the magistrate so found, that the executrix had by then fully distributed the estate,[1] but that Mrs. Lebow's own distributive share was in an amount sufficient to satisfy the execution. The sole issue was thus, as stated by the magistrate, whether the estate being without funds to meet the execution, the executrix was now liable individually to the extent of such assets as she had come to possess as a distributee. The magistrate recommended that the court answer this question in the negative, noting defendant's arguments that she was not a party to the action in her individual capacity; that holding her liable in her individual capacity would deprive her of her distributive property "without opportunity to litigate the question and thereby would be a deprivation without due process of law"; and that an opportunity to litigate her liability as distributee under applicable Massachusetts law "is essential." The magistrate felt that this court's decision merely "pointed out the possibility of individual liability under Mass. G.L. c. 197, § 29," and that "[S]uch liability, if any, has yet to be determined." The magistrate recommended denial of the motion to enforce the execution.

The district court rejected the magistrate's recommendation. The court held that,

the only question left to be decided by remand was "what assets [Estelle I. Lebow] lacked as Executrix, but possessed as distributee . . . . That question has been decided . . . .

The court therefore entered an order that the motion to enforce be allowed, and that execution for the full amount of the former judgment be entered "against Estelle I. Lebow, Executrix *and Distributee* of the Estate of Saul L. Lebow" (emphasis supplied). Mrs. Lebow was further ordered to turn over to plaintiff, in satisfaction of the execution, assets received by her either as executrix or as distributee of her husband's estate, including certain pour-over trust assets she had received which once formed part of the estate. This appeal is taken from the foregoing order.

We affirm the order of the district court. We agree with its interpretation of our directions concerning the issue open upon remand. For reasons already indicated, that opinion cannot be read as merely pointing out the *possibility* of individual liability, as the magistrate believed. We would scarcely have remanded, with advice to pursue on remand, if need be, the question of the executrix's assets as distributee, had we merely meant to alert the parties to the *possibility* of commencing a separate lawsuit under section 29. Given the length of time that had already passed during which defendant had avoided payment, it is understandable that the court should have sought to provide against what, in fact, happened—the executrix's somewhat disingenuous shifting of estate funds from one pocket to the other even while on notice of plaintiff's meritorious claim.

■ We are aware, as defendant points out, that this court's ruling in *Eubank I* had the effect of imposing "individual" liability (limited, however, to the value of the estate assets she paid over to herself as distributee) in a suit brought against Mrs. Lebow

---

[1]. Virtually all distributions were made after the executrix had been notified of the underlying claim here in question. She was not in the position of an executor who, having made a full distribution, suddenly learns of a hitherto unknown claim.

as executrix. But this result was surely as apparent when *Eubank I* came down as it now is. If Mrs. Lebow felt the court had overstepped its bounds, she should have petitioned for rehearing. Fed.R.App.P. 40. Had the matter been raised then, it could have been resolved with minimal delay. For us to review this and other legal technicalities now will lose the plaintiff two years, as well as imposing further burdens on the courts, and calling into question the stability of our own directions. Only upon a showing of injustice of major proportions—not mere arguable error—would we entertain reopening an issued opinion in these circumstances.[2]

■ Perhaps recognizing the seriousness of what she proposes, Mrs. Lebow argues that she has been denied due process of law. But we see no denial of due process. First, as already noted, Mrs. Lebow could have moved for rehearing—as she did not. Fed.R.App.P. 40. This would have permitted correction of any errors now claimed, including consideration of the appropriateness of providing for relief against her individually in this case.

Second, the hearing before the magistrate afforded a practical opportunity for Mrs. Lebow to have raised "the many issues" she now says she should be allowed to raise as a distributee. While it may be true that, legally speaking, her capacity as distributee was different from that as executrix, she clearly knew of, and was involved in, the case, and was fully apprised by our opinion that personal liability under section 29 was an issue;[3] nothing prevented her from offering any telling evidence she had in the proceedings on remand.

**2.** Stare decisis imposes very substantial constraints upon this court's willingness to depart from previously adjudicated decisions. *See Cohen v. Massachusetts Bay Transportation Authority*, 647 F.2d 209, 212 n.4 (1st Cir. 1981); *Gavin v. Chernoff*, 546 F.2d 457, 458 (1st Cir. 1976); *Sarzen v. Gaughan*, 489 F.2d 1076, 1082 (1st Cir. 1973).

**3.** Under Fed.R.Civ.P. 15(c), an amendment changing a party so as to relate back to the date of the original proceeding is permitted if the new party (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the

■ Finally, none of the proposed defenses she now mentions are ones which persuade us, on grounds of fundamental fairness, of the need to withdraw our earlier opinion and offer an opportunity for yet further proceedings. Most seem based on the premise that Mrs. Lebow should be allowed to relitigate underlying technicalities regarding the notes and the timing of the claim against the estate that were either foreclosed by the Texas default judgment or covered in our original opinion. Defendant is bound by our earlier opinion and is foreclosed at this late date, after having failed to lodge a timely petition for rehearing, from pursuing these points further.

*Affirmed. Costs to appellee.*

merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. We think these equitable conditions would have been met here; and while service of process was never made on Mrs. Lebow in her personal capacity, we find no unfairness in these unique circumstances in holding her responsible to the extent of the estate assets which she distributed to herself with full notice of plaintiff's claim and the risks involved in making such a transfer before the claim was resolved.