MADELINE C. AZARIAN & another vs. ALICE W. ETTINGER, guardian.
May 20, 1982. These are consolidated appeals by Madeline C. Azarian
and Margaret E. Azarian (the Azarians) from certain orders and a judg-
ment entered by the Probate Court in connection with Alice W. Ettinger's
guardianship of their sister, Elizabeth A. Azarian.

1. We need not consider the appeal from the order dismissing so much
of Madeline's petition as sought to remove Ettinger as guardian of Eliza-
beth's person. It was agreed by the parties at oral argument that this por-
tion of the appeal has become moot because Ettinger acquiesced in Eliza-
beth's living with Madeline in Connecticut pursuant to the latter's
appointment as guardian of Elizabeth's person by a Connecticut Probate
Court, and because Elizabeth will attain the age of majority on June 9,
1982.

2. On the date long scheduled for the trial of several matters pending
in the case, counsel for Madeline filed a motion for recusal. After a
lengthy hearing the judge denied the motion. We have carefully exam-
ined the grounds in support of the motion in so far as they were argued
below and have been preserved on appeal. Recusal is a matter within the
judge's "sound discretion," *Commonwealth* v. *O'Connor,* 7 Mass. App.
Ct. 314, 320 (1979), and cases cited, and the judge did not abuse his dis-
cretion in declining to recuse himself here. See *Dittemore* v. *Dickey,* 249
Mass. 95, 100 (1924); *Preston* v. *Peck,* 279 Mass. 16, 19 (1932); *King* v.
*Grace,* 293 Mass. 244, 247 (1936).

3. (a) The arguments advanced by Madeline that she was not a party
to the proceedings to remove Ettinger as guardian of Elizabeth's property
and, therefore, not subject to sanctions for her violation of discovery
orders under S.J.C. Rule 1:02A, § 8(c), as appearing in 382 Mass. 735
(1981) (compare Mass.R.Civ.P. 37[d], 365 Mass. 800 [1974]), ignore (i)
the language in both removal petitions and numerous other pleadings
which plainly indicate that she was appearing on her own behalf and not
as next friend of Elizabeth, see generally *Miles* v. *Boyden,* 3 Pick. 213, 218-
219 (1826); *Butler* v. *Winchester Home for Aged Women,* 216 Mass. 567,
569 (1914); *Reynolds* v. *Remick,* 327 Mass. 465, 473 (1951); *Caldwell* v.
*Zaher,* 344 Mass. 590, 591 (1962); (ii) her own position that she was a par-
ty, consistently taken by counsel until it became apparent that her refusal
to comply with discovery orders might lead to the imposition of sanctions;
and (iii) the substantial record support for the conclusion that her peti-
tions were filed pursuant to G. L. c. 201, § 33. These and other factors
lead us to conclude that it is a mere afterthought for Madeline to contend
that the petition was filed pursuant to G. L. c. 201, § 2. (b) In view of
Madeline's wilful refusal to attend a deposition after her request for a pro-
tective order had been properly denied, the probate judge had discretion
to dismiss so much of Madeline's petition as sought to remove Ettinger as
guardian of Elizabeth's property. S.J.C. Rule 1:02A, § 8(c). See *Atlantic
Cape Fisheries* v. *Hartford Fire Ins. Co.,* 509 F.2d 577, 579 (1st Cir.

1975). The flimsy grounds offered by Madeline in opposition to the deposition, and the fact that Ettinger had already been deposed, warranted the judge in concluding that she was "wilfully withholding relevant data to . . . [Ettinger's] prejudice . . . in defiance of discovery orders." *Litton Business Tel. Syss., Inc.* v. *Schwartz, ante* 113, 118 (1982). In these circumstances, there was no abuse of discretion in the judge's choice of sanctions under rule 1:02A. See *Anderson* v. *Froderman*, 361 Mass. 890 (1972), cert. denied, 410 U.S. 940 (1973) (decided under prior S.J.C. Rule 3:15, § 8(c), 351 Mass. 811 [1967]).

4. The temporary restraining order entered on July 6, 1981, had no continuing relevance beyond the permanent injunctions included in the judgment entered on July 13, 1981. See *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.*, 5 Mass. App. Ct. 750, 753 (1977); *Mancuso* v. *Mancuso*, 12 Mass. App. Ct. 973, 974 (1981). The Azarians' arguments regarding the initial order, therefore, need not be considered. The Probate Court had authority to enter orders enjoining the Azarians from prosecuting actions in the State of New York concerning the control of specified savings accounts opened there by Ettinger, and directing them to assist in returning those funds to the custody of the Probate Court, so long as proper jurisdiction was acquired, and it could be found that the Azarians' actions "unduly and inequitably interfere[d] with the progress of litigation here or with the establishment of rights properly justiciable here." *Lydia E. Pinkham Medicine Co.* v. *Gove*, 298 Mass. 53, 66 (1937), and cases cited. See also *Boston & Me. R.R.* v. *Whitehead*, 307 Mass. 106, 108 (1940); Nolan, Equitable Remedies § 55, at 106-107 & cases cited at n.60 (1975). The judge could have found that the savings accounts contained funds properly subject to Ettinger's control as guardian. In addition, the judge could properly have determined that the court had a continuing jurisdictional interest in those accounts for the resolution of actions pending in the guardianship and related matters, see, e.g., *Azarian* v. *First Natl. Bank*, 383 Mass. 492 (1981), S.C., 12 Mass. App. Ct. 1014 (1981), and for the orderly windup of Ettinger's responsibilities by adjudication of her first through eleventh guardianship accounts. See *Day* v. *Old Colony Trust Co.*, 228 Mass. 225, 229-230 (1917); *Tierney* v. *Coolidge*, 308 Mass. 255, 260 (1941). See generally *Guardianship of Bassett*, 7 Mass. App. Ct. 56, 62, 64 (1979). The petitions and motions brought by Madeline, the nature of her and Margaret's appearances to contest Ettinger's accounts, see Mass.R.Civ.P. 72(b)(4) & (6), as amended, 371 Mass. 912, 913 (1977), Margaret's apparent complicity in Madeline's course of conduct, and the contacts of both with the proceedings in the Probate Court, established personal jurisdiction sufficient to support the orders against them. See Rule 2 of the Probate Courts (1959); *Saporita* v. *Litner*, 371 Mass. 607 (1976). Cf. Mass.R.Civ.P. 65(d), 365 Mass. 833 (1974); 2 Newhall, Settlement of Estates and Fiduciary Law in Massachusetts § 276 (4th ed. 1958); *Eubank Heights Apartments, Ltd.* v. *Lebow*,

615 F.2d 571, 572-574 (1st Cir. 1980). We note further support for the judge's action in decisions by a New York appellate court and the United States District Court for Massachusetts, which indicate that collateral proceedings between these parties which may bear on the guardianship case are best left to the Probate Court. See *Azarian* v. *Ettinger*, 87 App. Div. 980, 981 (N.Y. 1982) (staying New York action brought by Azarians because "the record demonstrates that plaintiffs may obtain complete relief in Massachusetts actions and in the interest of substantial justice they should do so"); *First Natl. Bank* v. *Azarian*, No. 81-535 (D. Mass. Nov. 10, 1981) (unpublished memorandum and order vacating removal for lack of subject matter jurisdiction and remanding case to Probate Court because "the Azarians have apparently forgotten that they are litigating a Massachusetts action"). There is ample support for the conclusion that the injunctions were needed to preserve assets of the guardianship and to prevent the Azarians from "gain[ing] an unjust advantage or . . . evad-[ing] the laws of this Commonwealth." Nolan, *supra* at 107. The injunctive orders are framed with reasonable specificity. The Azarians' other contentions with respect to the propriety of the orders are unsupported by citation to any controlling authority, and merit no consideration beyond the discussion above.

The order dismissing that portion of Madeline's petition as sought her appointment as guardian of Elizabeth's person is vacated, and that part of the case is remanded to the Probate Court with directions to enter an order of dismissal on grounds of mootness. The order dismissing so much of Madeline's petition as sought her appointment as guardian of Elizabeth's property is affirmed. The judgment entered on July 13, 1981, is affirmed.

*So ordered.*

*David S. Fox* for Madeline C. Azarian & another.
*Richard D. Leggat* for Alice W. Ettinger.