**VIDIMOS, INCORPORATED, Plaintiff–Appellee,**

v.

**WYSONG LASER COMPANY, INC., and Wysong and Miles Company, Defendants–Appellants.**

No. 99–1159.

United States Court of Appeals, Seventh Circuit.

Submitted May 27, 1999.

Decided June 14, 1999.

---

Randall J. Nye (submitted), Beckman, Kelly & Smith, Hammond, IN, for Plaintiff–Appellee.

C. Joseph Yast (submitted), Northfield, IL, for Defendants–Appellants.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

POSNER, Chief Judge.

This appeal is founded on a misunderstanding of the doctrine of law of the case. The plaintiff (Vidimos) sued the defendants (Wysong, two affiliated corporations that for the sake of simplicity we'll treat as one) for breach of contract, basing federal jurisdiction on diversity of citizenship. The district court granted summary judgment for Wysong. We reversed and remanded, 99 F.3d 217 (7th Cir.1996), and the case was then tried and resulted in a judgment for Vidimos of $185,000 in dam-

ages plus prejudgment interest in excess of $200,000. Wysong has appealed, represented by new counsel who challenge two rulings in our previous opinion that proved decisive in the award of damages and prejudgment interest to the plaintiff on remand. The first is that the contract does not bar consequential damages, and the second is that Michigan law (which allows prejudgment interest in a contract case such as this) governs the parties' dispute.

■■■ Vidimos, a metal fabricator, had bought a laser metal-cutting machine from a foreign company called Laser Lab. Later, Laser Lab made a contract with Wysong whereby the latter assumed Laser Lab's warranty obligations to Vidimos. The contract provided that Michigan law would govern any dispute arising out of it. Wysong conceded the validity and applicability of this choice of law provision. We repeated its concession in our previous opinion, *id.* at 219, 222, and it became the law of the case, that is, the law governing subsequent proceedings (including any subsequent appeal) in this litigation. Vidimos on remand sought, along with damages, prejudgment interest on those damages as a remedy for breach of the contract. Whether it was entitled to prejudgment interest was a disputed issue arising from the contract and therefore governed by the contractual choice of law provision. As Wysong does not so much as mention the law of the case doctrine in connection with the issue of Vidimos's entitlement to prejudgment interest, even in its reply brief—Vidimos having emphatically invoked the doctrine in its appellee's brief—Wysong has forfeited any claim to an exception to the doctrine.

■■■ This disposes of the second ground of appeal (indeed shows it to be frivolous), and we turn to the first, which is that the law of the case doctrine should not compel us to reject Wysong's argument that the contract bars an award of consequential damages to Vidimos. We explained in a paragraph of our opinion that the contract on which the plaintiff was suing (unlike a related contract involved in the litigation) did not bar an award of consequential damages. *Id.* at 219–20. Wysong calls this discussion "dictum," implying that it was inessential to our decision and perhaps therefore not so carefully considered as other parts of the opinion. E.g., *United States v. Crawley*, 837 F.2d 291 (7th Cir. 1988); *Wilder v. Apfel*, 153 F.3d 799, 803–04 (7th Cir.1998); *Patel v. Sun Co.*, 141 F.3d 447, 462 n. 11 (3d Cir.1998); *Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 972 F.2d 453, 459 (1st Cir.1992). We find this argument difficult to understand. The district court had held, as an alternative basis for denying Vidimos relief, that Vidimos could not obtain consequential damages. If the district court was right, there was no point in remanding the case, since those were the only damages that Vidimos was seeking. (Its claim for prejudgment interest would fall with those damages.) The issue of whether it could get them was therefore essential to our decision.

■■■ Wysong also argues that our reasoning about the issue of consequential damages was flawed, that we overlooked critical evidence, and that our conclusion was mistaken. But that is the sort of argument that the doctrine of law of the case bars—namely, an argument for reconsideration that is based not on intervening authority, new (and heretofore undiscoverable) evidence, or other changed circumstances that justify waiver of the doctrine, e.g., *Agostini v. Felton*, 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1227 (7th Cir.1995); *Evans v. City of Chicago*, 873 F.2d 1007, 1013–14 (7th Cir. 1989), but on considerations of fact or law that were available when the previous appeal was argued. See *People Who Care v. Rockford Board of Education*, 171 F.3d 1083, 1088 (7th Cir.1999), and cases cited there. The remedy of a losing party who believes that through oversight or impulsiveness the court has erred is to seek rehearing—which Wysong did not do—rather than to lie in wait and then, years later (two and a half years, to be precise),

having lost on remand, to present its argument for reconsideration in a second appeal. *United States v. Becerra*, 155 F.3d 740, 753 n. 15 (5th Cir.1998); *Hanna Boys Center v. Miller*, 853 F.2d 682, 687 (9th Cir.1988); *United States v. Unger*, 700 F.2d 445, 450 (8th Cir.1983); *Eubank Heights Apartments, Ltd. v. Lebow*, 669 F.2d 20, 22–23 (1st Cir.1982). In a case involving modest stakes, now in its eighth year, such a litigating strategy is inconsiderate to the parties and the judiciary, and will not be allowed to succeed.

AFFIRMED.