UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 31, 2006
Decided August 25, 2006

**Before**

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-2988 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Southern District of Indiana, Evansville Division. |
| *v.* | No. EV 01-32-CR-01-Y/H |
| TIMOTHY L. STEWART, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

Timothy Stewart appeals the district court's conclusion that a confession he made to law enforcement officials was admissible at his trial for armed bank robbery.  Stewart's confession was elicited during a so-called "two-step" or "question first, warn later" interrogation.  This type of interrogation occurs when a suspect in custody is initially questioned without the benefit of a *Miranda*[1] warning, makes inculpatory statements, and is thereupon given appropriate warnings and confirms his earlier, unwarned statements.

This is the second time we have reviewed the admissibility of Stewart's confession.  In our first decision we remanded the issue to the district court for

_____

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

consideration of whether, in light of the Supreme Court's plurality opinion in *Missouri v. Seibert*, 542 U.S. 600 (2004), the two-step interrogation process was employed by the officers in this case in a deliberate attempt to circumvent the requirements of *Miranda*. *United States v. Stewart*, 388 F.3d 1079 (7th Cir. 2004). On remand, the district court held an evidentiary hearing and concluded that no end run around *Miranda* was intended, but the court did not support this conclusion with the factual findings we think are necessary for our review of its decision. We therefore must once again remand this case to the district court for further and more specific factfinding.

## Discussion

The facts surrounding Stewart's detention and interrogation were discussed thoroughly in our initial opinion, and we need not reiterate them here in their entirety. Stated briefly, Stewart was initially detained at a checkpoint established near the scene of an armed bank robbery in Evansville, Indiana, because he generally matched a physical description of the robber. Stewart was taken into custody shortly after he was stopped when his cell phone was found lying next to the abandoned getaway car.

Without the benefit of *Miranda* warnings, Stewart was questioned by Evansville Police Detectives Winters and Nelson during the ensuing five-minute ride to the police station and for approximately ten minutes after arrival at the station. During his pre-*Miranda* interview at the station with Detectives Winters and Nelson, Stewart first claimed that another man committed the robbery and that Stewart only provided the robber with the gun and car used in the crime.

Winters and Nelson then left Stewart alone in the interview room, and two agents from the Federal Bureau of Investigation arrived at the station. Nelson and the two federal agents reentered the room and resumed questioning Stewart, at which point Stewart admitted that he robbed the bank and acted alone. Stewart was then read his rights for the first time and signed a *Miranda* waiver form. The questioning continued uninterrupted for the next hour, and Stewart made a tape-recorded statement in which he confirmed and elaborated upon the details of his earlier, unwarned and unrecorded confession. Over the objection of defense counsel, this tape-recorded confession was admitted into evidence at Stewart's trial. Stewart was convicted of the bank robbery and was sentenced to 159 months in prison.

Following his conviction, Stewart appealed several issues, and this panel rejected all save one. We reserved ruling on the question of whether Stewart's recorded confession was inadmissible because the two-step interrogation process was inconsistent with *Miranda* as interpreted by the plurality in *Seibert*. Using the

*Marks*[2] approach to the analysis of plurality opinions, we gleaned the following rule from *Seibert*:

> [A]t least as to deliberate two-step interrogations in which *Miranda* warnings are intentionally withheld until after the suspect confesses, the central voluntariness inquiry of [*Oregon v. Elstad*, 470 U.S. 298 (1985)] has been replaced by a presumptive rule of exclusion, subject to a multifactor test for change in time, place and circumstances from the first statement to the second. . . . Where the initial violation of *Miranda* was not part of a deliberate strategy to undermine the warnings, *Elstad* appears to have survived *Seibert*.

*Stewart*, 388 F.3d at 1090.

We then found that the record was silent as to the crucial *Seibert* inquiry—whether the "two-step interrogation in this case was deliberately used in circumvention of *Miranda*," *Id.* at 1091—and remanded the case for further proceedings. We held that subsequent factfinding by the district court was needed to answer the following questions:

> If the sequential interrogation process was used in deliberate circumvention of *Miranda* and there is insufficient separation in time and circumstances between the unwarned and warned confessions, then the warned confession was improperly admitted and Stewart's conviction cannot stand. . . . If, on the other hand, the interrogation process at work here was not a deliberate end run around *Miranda*, then Stewart's first statement must be evaluated for voluntariness under *Elstad*.

*Id.* at 1091-92.

As previously noted, the district court held an evidentiary hearing and then determined in a written opinion that Stewart's interrogation was "not an end run around *Miranda*." In support of this holding, the court stated: "There is no evidence that the [Evansville Police Department] has ever had a policy which employs the

---

[2] In *Marks v. United States*, 430 U.S. 188, 193 (1977), the Supreme Court held that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" In *Seibert*, Justice Kennedy's opinion concurring in the judgment provided the narrowest grounds for decision and thus constitutes the holding of the Court. *See United States v. Stewart*, 388 F.3d 1079, 1090 (7th Cir. 2004).

two-step interrogation technique, nor evidence that the EPD has ever trained or instructed their officers to employ such a technique." The court then went on to hold that the prewarning statement had been voluntarily made and that there was consequently no error in admission of the postwarning confession at trial.[3]

In this second round of appellate proceedings, Stewart asks us to (1) revisit our original decision concerning the proper interpretation of *Seibert* and the voluntariness of his post-*Miranda* statement and (2) find that the district court erred in concluding that the Evansville police did not intentionally withhold warnings in a deliberate effort to circumvent *Miranda* as a means to exact inculpatory statements. As to the first of these contentions, nothing has changed since our decision in the first appeal, and Stewart is merely trying to have a second kick at the cat on issues he lost the first time around. We therefore decline to reexamine our previous decision. *See Vidimos, Inc. v. Wysong Laser Co., Inc.*, 179 F.3d 1063, 1065-66 (7th Cir. 1999). We proceed to a discussion of the district court's conclusion concerning the question on which we ordered a remand—whether the police in this case intentionally used the two-step interrogation in deliberate circumvention of *Miranda*.

Stewart argues, and we agree, that the district court's analysis was unduly limited to a consideration of whether the Evansville Police Department had an official *policy* endorsing two-step interrogation or provided training in which its officers were *instructed* to employ such a technique. These considerations are potentially relevant to the broader question of officer intent but by themselves are by no means dispositive of the issue. The threshold matter for determination under *Seibert* is whether the officers intentionally withheld *Miranda* warnings as part of a deliberate strategy to elicit inculpatory statements in circumvention of *Miranda*; such an interrogation strategy might be used in a given case in the absence of an official policy requiring its use.[4] Rather than concentrate exclusively on the presence or absence of a departmental policy, the primary focus of the inquiry should be on the explanation given by the officer for the failure to administer warnings in a timely fashion and the credibility of that explanation in light of the totality of relevant circumstances surrounding the interrogation.

---

[3] The court also held that Stewart's post-*Miranda* statement was voluntarily made, but this issue was not one that we remanded for further consideration. To the contrary, our opinion specifically held that "we AFFIRM the district court's conclusion that Stewart's postwarning confession was voluntary . . . ." *Stewart*, 388 F.3d at 1092.

[4] Indeed, we think it unlikely, in the wake of *Seibert* and the cases interpreting it, that a law enforcement agency would maintain an official policy that invites suppression motions under *Seibert*.

We reluctantly conclude that the district court's decision does not include the factual findings necessary for us to meaningfully review its conclusion that the interrogation in this case was not deliberately calculated to circumvent *Miranda*. Particularly conspicuous in its absence is any discussion of the credibility of Detective Nelson's testimony concerning the reasons for the failure to administer *Miranda* warnings prior to eliciting Stewart's initial confession.

Accordingly, the district court's decision is VACATED and we once again REMAND this case for more specific factfinding consistent with both this opinion and our original opinion in this case.